IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-220-MEF |
| ) | (WO – Do Not Publish) |
| FIRENZE, II, LLC d/b/a CAFÉ FIRENZE ) | |
| II, & YANCE E. MACLEROY, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is Plaintiffs' Motion for Extension of Time To File Rule 26(f) Report. (Doc. #24.) On April 8, 2013, Plaintiffs filed a complaint alleging copyright infringement against Firenze II, LLC d/b/a Café Firenze II ("Firenze II"), a Alabama limited liability company, and Yance MacLeroy, an individual member of Firenze II. On June 5, 2013, MacLeroy, appearing pro se, filed an answer to the Plaintiffs' complaint on behalf of Firenze II. (Doc. #20.) On June 18, 2013, the Court entered a Rule 26(f) Order directing the parties to submit a proposed plan for discovery. (Doc. #23.)

Limited liability companies like Firenze II are considered to be artificial entities, and, as such, they cannot appear in federal court pro se. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents . . . ."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (holding that a limited liability company may appear in federal court only through

a licensed attorney); *Streeter v. Office of Douglas R. Burgess, LLC*, No. 107-cv-0097-WKW, 2008 WL 508456, at *4 (M.D. Ala. Feb. 21, 2008) (holding while the individual defendant could proceed pro se, the limited liability company was required to have representation by counsel).  Thus, the Court will not consider MacLeroy's answer to the extent it is made on behalf of Firenze II.

Accordingly, it is hereby ORDERED as follows:

1.  Defendant Firenze, II, LLC's Answer, filed on June 5, 2013, is STRICKEN from the record.

2.  Defendant Firenze, II, LLC, shall have 30 days from the date of this Order to retain counsel and file an answer to the Plaintiff's complaint.  Likewise, pro se Defendant Yance MacLeroy shall have 30 days from the date of this Order to file an answer to Plaintiff's complaint that responds to any claims made against him in his individual capacity.

3.  The deadlines set forth in the Court's Rule 26(f) Order of June 18, 2013 (Doc. #23), are STAYED until further order of the Court.

4.  Plaintiffs' Motion for Extension of Time To File Rule 26(f) Report (Doc. #24) is DENIED AS MOOT.

DONE this the 5th day of August, 2013.

        /s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE